UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN BAKER, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:12-CV-00244 |
| AUTO STOP, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County), from which it was removed. Defendant opposes the motion.

Plaintiff Brian Baker initiated this action in a Missouri state court, claiming violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020 *et seq.* (Count I), fraudulent and negligent misrepresentation (Counts II, III, and IV), and breach of implied warranty based on the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (Count V). The claims stem from the plaintiff's purchase of a used truck from the defendant. Plaintiff alleges that the defendant misrepresented the vehicle's damage history. The case was removed to this Court, based on the assertion of federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs now seek remand, arguing that the Court lacks jurisdiction because the amount in controversy requirement of the Magnuson-Moss Warranty Act is not present.

*******

The Magnuson-Moss Warranty Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any

obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15. U.S.C. § 2310(d)(1). The Warranty Act provides for federal jurisdiction of certain claims. See 15. U.S.C. § 2310(d)(1)(B). However, federal jurisdiction of a claim brought under the Warranty Act is subject to an amount in controversy requirement.  Thus, 15. U.S.C. § 2310(d)(3)(B) provides that, "no claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." The party invoking federal jurisdiction has the burden to prove the requisite amount exists by a preponderance of the evidence. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005); Mountaire Feeds, Inc. v. Argro Impex, S.A., 677 F.2d 651, 653 n.3 (8th Cir. 1982); Piper v. Kassel, 817 F.Supp. 802 (E.D. Mo. 1993).

In the context of a motor vehicle warranty, the formula for calculating damages under the Warranty Act is the price of a replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the use of the allegedly defective vehicle. Stephens v. Arctic Cat Inc., 4:09-CV-2131 AGF, 2011 WL 890686, *6 (E.D. Mo. Mar. 14, 2011); Dembski v. American Honda Motor Co., Inc., 06-6060-CVSJREL, 2006 WL 2331178, *2 (W.D. Mo. Aug. 10, 2006); see also Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 406 (7th Cir.2004); Gardynski–Leschuck v. Ford Motor Company, 142 F.3d 955, 957 (7th Cir.1998); Millicevic v. Mercedes–Benz USA, LLC, 256 F.Supp.2d 1168, 1179–80 (D.Nev.2003).

In the instant case, the purchase price of the vehicle in question was $30,995. If this factor were the only consideration in the amount-in-controversy determination, then clearly the $50,000 threshold under the Warranty Act could not be met.

However, plaintiff alleges in the complaint that the defendant acted "maliciously and in willful, wanton, and reckless disregard for the rights of the Plaintiff, thereby warranting substantial punitive damages." [Doc. # 1-1, p. 21, ¶ 18] Plaintiff incorporates this allegation into each count of the complaint.  Punitive damages for breach of warranty are recoverable under the Warranty Act if they are recoverable for breach of warranty under the applicable state law. Hughes v. Segal Enterprises, Inc., 627 F.Supp. 1231, 1238 (W.D.Ark.1986); Chariton Vet Supply, Inc. v. Moberly Motor Co., 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).  Under Missouri law, a plaintiff may recover punitive damages for breach of a warranty contract if the defendant's conduct "amounts to an independent, willful tort and there are proper allegations of malice, wantonness, or oppression . . ." Peterson v. Continental Boiler Works, Inc., 783 S.W.2d 896, 903 (Mo. 1990).

Here, the complaint contains specific allegations of willful, wanton and malicious conduct by the defendant.  Although plaintiff states in his motion for remand that "punitive damages are not part of Plaintiff's claim for breach of implied warranty," plaintiff has not sought to amend the complaint by deleting the allegations that support his claim for punitive damages.   [Doc. # 11, p. 11].   Therefore, the Court will consider punitive damages in determining whether the $50,000 threshold has been met for the Warranty Act claim.

The Supreme Court has not established a concrete constitutional limit on the ratio between harm, alleged harm, or potential harm, to a plaintiff and a reward of punitive damages. The Court has, however, commented that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003). Thus, when determining the amount in controversy, courts have

looked to the ratio of punitive damages to compensatory damages being sought in the case. See Thomas v. National Legal Professional Associates, 594 F.Supp.2d 31, 32-33 (D.D.C. 2009) (ratio of claimed punitive to compensatory of 6.5:1 satisfied due process); McQueen v. Woodstream Corp., 672 F.Supp.2d 84, 91-92 (D.D.C. 2009) (ratio of claimed punitive to compensatory of 5000:1 violated due process); Hunter v. District of Columbia, 384 F.Supp.2d 257, 261 (D.D.C. 2005) (ratio of claimed punitive to compensatory of 13:1 violated due process). Plaintiff does not allege a specific amount of punitive damages. However, it is reasonable to assume a ratio of roughly 3:2 (or even 4:1) of punitive to compensatory damages would satisfy due process.

In conclusion, the Court finds that defendant has sufficiently shown by a preponderance that the amount in controversy under the Warranty Act is met and that federal jurisdiction is proper. Plaintiff has asked for punitive damages that are available under applicable state law that may be reasonably assumed in an amount that, when considered with actual damages, would satisfy the requisite amount in controversy.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #11] is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's request for attorneys' fees and costs is **denied.**

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2012.